**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MICHAEL MALANGA,<br><br>          Plaintiff,<br><br>          v.<br><br>STATE FARM INSURANCE<br>COMPANY, *et al.*,<br><br>          Defendants. | Civil Action No. 13-7712 (MAS)(TJB)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

Defendants State Farm Insurance Company ("State Farm") and Renee Friscia have filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Def. Mot., ECF No. 5.) Plaintiff Michael Malanga filed opposition (ECF No. 6), and Defendants replied (ECF No. 7). The Court has carefully considered the parties' submissions and decided the matter without oral argument pursuant to Local Rule 78.1. As explained below, this matter will be remanded to state court for lack of subject matter jurisdiction.

**I.      Background**

Plaintiff commenced this action in New Jersey Superior Court, charging State Farm, an Illinois corporation, and Renee Friscia, a New Jersey citizen and State Farm agent, with breach of contract, unjust enrichment, breach of the implied covenant of good faith and fair dealing, and negligence. The Complaint's factual allegations are sparse at best. Read liberally, they disclose that Plaintiff purchased a State Farm insurance policy for his property in Brick Township, New Jersey from Friscia. (Compl. ¶¶ 1-3.) In the wake of Super Storm Sandy, Plaintiff submitted a

timely claim against the policy for $300,000.00 in property damage. (*Id.* at ¶¶ 7-9.) State Farm offered to settle the claim for $14,076.86. (*Id.*) Plaintiff attributes the shortfall to unspecified coverage "changes" that occurred when he renewed the policy. According to Plaintiff, "Defendants were negligent in failing to fully inform [him] of the [policy's] details." (Compl. ¶¶ 26-27.)

Although Friscia, like Plaintiff, is a citizen of New Jersey, Defendants invoked federal diversity jurisdiction to remove the matter to this Court. *See* 28 U.S.C. § 1441(b). In their Notice of Removal, Defendants contended that Friscia's citizenship posed no obstacle to federal jurisdiction because Plaintiff "improperly or fraudulently joined" her in the action. (Notice of Removal, ECF No. 1, ¶ 4.) Defendants went on to explain why, in their opinion, the claims against Friscia lacked any reasonable basis in fact or law. (*Id.* at ¶¶ 11-14.) To date, Plaintiff has not moved to remand.

In their pending motion, Defendants contend that each claim against Friscia, together with the unjust enrichment and negligence claims against State Farm, must be dismissed for failure to state a claim. Despite his failure to object to removal, Plaintiff opposes dismissal of the claims against Friscia.

## II.  **Fraudulent Joinder**

The Court may not entertain Defendants' motion to dismiss until it is satisfied of its jurisdiction. The following principles guide the jurisdictional inquiry in this matter.

A defendant may remove from state court any civil action of which federal courts have original jurisdiction. 28 U.S.C. § 1441(a). In most cases where federal jurisdiction is predicated on diversity of citizenship, the removing defendant must demonstrate that the action satisfies the amount in controversy threshold and that complete diversity exists between the parties. *In re Briscoe*, 448 F.3d 201, 215 (3d Cir. 2006). In certain circumstances, however, the doctrine of fraudulent joinder provides an exception to the complete diversity requirement. *Id.* at 215-16.

2

Fraudulent joinder occurs when "there is no reasonable basis in fact or colorable ground supporting the claim against the [non-diverse] defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment." *Id.* at 217. The defendant invoking fraudulent joinder bears a "heavy burden of persuasion," for "if there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992) (internal quotation marks and alterations omitted). Fraudulent joinder occurs only when each claim against the non-diverse defendant is "'wholly insubstantial and frivolous.'" *Id.*

In considering whether fraudulent joinder occurred in a given case, courts "must not step from the threshold jurisdictional issue into a decision on the merits." *Briscoe*, 448 F.3d at 219 (internal quotation marks omitted). The inquiry does not turn on whether the complaint "state[s] a cognizable claim . . . under the federal pleading standard." *Freichs v. Lifestar Response Corp.*, 09-4460, 2009 WL 3754190, at *2 (D.N.J. Nov. 5, 2009). In *Batoff*, a case decided before the Supreme Court's decisions in *Twombly* and *Iqbal* increased the scrutiny applied to pleadings, the Third Circuit explained that "the inquiry into the validity of a complaint [on] a motion to dismiss under 12(b)(6) is more searching than that permissible when a party makes a claim of fraudulent joinder." *Id.* at 852.

### III. Analysis

In this case, Defendants fail to establish the frivolity of Plaintiff's unjust enrichment and negligence claims against Friscia.

With respect to unjust enrichment, Defendants assert that the Complaint contains "no allegation that Ms. Friscia accepted any money from Plaintiff, let alone that she failed to provide coverage to Plaintiff." (Notice of Removal, ¶ 12.) This supposed omission is fatal to the claim,

3

Defendants contend, because an action for unjust enrichment must be predicated on "an allegation that the [p]laintiff conferred a benefit upon the [d]efendant, who improperly retained that benefit." (Notice of Removal ¶ 12.) They site two opinions from this District, *Cooper v. Samsung Elecs. Am., Inc.*, 2008 WL 4513924 (D.N.J. Sept. 30, 2008) and *Hughes v. Panasonic Consumer Elecs. Co.*, 2011 WL 2976839 (D.N.J. July 21, 2011), in support of their position.

This argument is premised on a misreading of the Complaint. Plaintiff alleges that "*Defendants*" – i.e., State Farm and Friscia – "wrongfully accepted money from Plaintiff without providing coverage as agreed upon." (Compl. ¶ 17.) Whether or not this allegation could survive Rule 12(b)(6) scrutiny, it is sufficient to overcome Defendants' assertion of fraudulent joinder. *See Saddy Family, LLC v. Wade Loud and Lamarche, Assocs. Inc.*, No. 13-7051, 2014 WL 2931204, at *3 (D.N.J. June 30, 2014) (construing allegations that "refer[ed] only to 'defendants' generally" as implicating non-diverse defendant for jurisdictional purposes).

The holdings in *Cooper* and *Hughes* do not alter this conclusion. In both cases, the courts ruled that a plaintiff who purchased an unsatisfactory product from a third party retailor could not sue the product's manufacturer for unjust enrichment. *See Cooper*, 2008 WL 4513924, at *10 (concluding "there was no relationship conferring any direct benefit on Samsung through Cooper's purchase, as the purchase was through a retailer[.]"); *Hughes*, 2011 WL 2976839, at *27 (reasoning that where "plaintiff purchases a product from a third party retailer, rather than the defendant, then no direct relationship exists where the plaintiff purchaser conferred a benefit on the defendant"). Although the Complaint in this case is anything but detailed, it explicitly alleges that "Plaintiff purchased his policy from Renee Friscia." (Compl. ¶ 3.) Thus, *Cooper* and *Hughes* are inapposite.

The challenge to Plaintiff's negligence claim is similarly unpersuasive. Defendants' argument begins and ends with the unremarkable proposition that the purchaser of an insurance policy is bound by those "'restrictions, conditions, and limitations as the average insured would ascertain from reading [his or her insurance policy].'" *Sears Mortg. Corp. v. Rose*, 634 A.2d 74, 84 (N.J. 1993) (quoting *Bauman v. Royal Indem. Co.*, 174 A.2d 585, 591-92 (N.J. 1961)). While this may be an accurate statement of the law, there is no reason to conclude that it constitutes the rule of decision in this case. In fact, New Jersey law imposes a "duty of due care" on insurance agents, and New Jersey courts regularly entertain suits for breach of that duty. *See Carter Lincoln-Mercury, Inc. Leasing Div. v. EMAR Grp., Inc.*, 638 A.2d 1288, 1291-92 (N.J. 1994) (collecting cases involving negligence claims against insurance agents and brokers); *Aden v. Fortsh*, 776 A.2d 792, 805 (N.J. 2001) (holding that insured's failure to read insurance policy is not an affirmative defense to insured's negligence claim against insurance broker). Thus, Defendants fail to establish that Plaintiff's negligence is "wholly insubstantial and frivolous." *Batoff*, 977 F.2d at 852.

The Court will not consider Defendants' contentions regarding Plaintiff's contractual claims against Friscia. Because the Court cannot "rule out any possibility" that a state court would entertain Plaintiff's claims of unjust enrichment and negligence against Friscia, this matter must be remanded to state court. *Briscoe*, 448 F.3d at 219.

**IV.**   **Conclusion**

For the reasons set forth above, and for other good cause shown, this matter is remanded to the state court. Defendants' motion to dismiss is terminated. An appropriate Order follows.

_____
**Michael A. Shipp**
**United States District Judge**

Dated: August 26th, 2014